83 F.3d 433
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Daniel F. ROOTS, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 95-7116.
 United States Court of Appeals, Tenth Circuit.
 April 22, 1996.
 
 1
 Before KELLY and BARRETT, Circuit Judges, and BROWN,** Senior District Judge.
 
 ORDER AND JUDGMENT[2]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Claimant Daniel F. Roots appeals the district court's order affirming the decision of the Secretary of Health and Human services denying his applications for disability and supplemental security income benefits. Following a hearing, the administrative law judge (ALJ) found that despite severe impairments precluding a return to past relevant work, claimant retained the residual functional capacity to perform a full range of sedentary occupations, and accordingly found claimant not disabled at step five of the Secretary's sequential analysis. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(discussing the five steps in detail).
 
 
 4
 Claimant, a forty-nine year old man with an eighth grade education, filed his initial applications on December 13, 1989, claiming disability from March 6, 1988, due to multiple impairments including a back injury, arthritis in his knees, hips, and back, impaired use of his upper extremities, and a hearing impairment. Following a hearing on August 2, 1990, the ALJ determined that claimant was disabled from March 6, 1988, to July 15, 1989, when claimant regained the ability to engage in the full range of light and sedentary work. On appeal, the Appeals Council remanded for further consideration of whether claimant was disabled after July 15, 1989.
 
 
 5
 Following a supplemental hearing on October 20, 1992, the ALJ concluded that claimant was not disabled after July 15, 1989, and was able to perform a full range of sedentary work activities. The Appeals Council denied further review, and the district court affirmed. Claimant appeals.
 
 
 6
 We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence and whether correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir.1994). We may neither reweigh the evidence nor substitute our discretion for that of the Secretary. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir.1991).
 
 
 7
 On appeal, claimant contends that the ALJ (1) failed properly to consider claimant's hearing impairment, (2) failed to make the required findings of fact as to claimant's transferable work skills, (3) failed properly to consider claimant's age, and (4) failed to resolve the conflict between the vocational expert's testimony and the Dictionary of Occupational Titles. Because, following review of the record, we conclude that the ALJ's decision was supported by substantial evidence, and he applied correct legal standards, we affirm.
 
 
 8
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3